## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUMMIT REFRIGERATION GROUP INC.,
MICHAEL P. CONTI,
FREDERICK P. ANDERSON and
RICHARD DEGROOT,

Defendants.

Case No. 05-Cr-151

**RECOMMENDATION TO THE HONORABLE RUDOLPH T. RANDA**

On June 14, 2005, the defendants, Summit Refrigeration Group, Inc., Michael P. Conti, Frederick P. Anderson and Richard DeGroot, were named in a five-count indictment, charging them with various violations of 18 U.S.C. §1832. The charges stem from the defendants' alleged conduct involving documents, computer files and information taken or copied from the individual defendants' former employer, Dual Temp Wisconsin, Inc. (DTW). The indictment also contains forfeiture allegations.

The defendants filed numerous pretrial motions which have been addressed by the court with the exception of the defendants' motions to dismiss the duplicitous and multiplicitous indictment. (Docket ## 40, 41, 42, and 43). This final motion will be addressed herein.

## MOTIONS TO DISMISS DUPLICITOUS AND MULTIPLICITOUS INDICTMENT

**Duplicity**

In moving to dismiss, the defendants assert that Counts Two through Five are duplicitous. Specifically, they state that Count Two alleges that the defendants knowingly stole trade secret information and attempted to do so, in violation of 18 U.S.C. § 1832(a)(1) and (a)(4). (Indictment at 8-9). The defendants assert that Count Two is duplicitous because it charges two distinct offenses – the actual theft of trade secrets and the attempt – in a single count. Count Two specifies the trade secrets involved in this count.

Count Three alleges that the defendants knowingly copied and destroyed trade secret information and attempted to do so, in violation of 18 U.S.C. § 1832(a)(2) and (a)(4). (Indictment at 10). The defendants maintain that this count charges two separate offenses – the actual copying and/or destruction of trade secrets and the attempt to do so – in a separate count and, therefore, Count Three is duplicitous. The trade secrets alleged involved in this count are computerized AUTO-CAD drawings of projects installed by DTW, which the defendants also deleted from DTW's computer system.

Count Four charges that the defendants knowingly possessed stolen trade secret information, and attempted to do so, in violation of 18 U.S.C. § 1832(a)(3) and (a)(4). In contending that Count Four is duplicitous, the defendants assert that it charges two substantive offenses – possession of stolen trade secrets and the attempt to do so – in the same count. (Indictment at 11-12). Count Four lists the specific trade secrets involved in this count.

Count Five charges that defendants Summit Refrigeration Group and Richard DeGroot knowingly possessed stolen trade secret information and attempted to do so, in violation of

18 U.S.C. § 1832(a)(3) and (a)(4). The defendants contend that Count Five is duplicitous because it charges two distinct offenses – possession of stolen trade secret information and the attempt – in one count. The trade secrets involved in this count allegedly are quote cover pages for projects with more than 20 customers and records on DTW's bases for bids on various projects.

The defendants argue that because the crime of attempt requires different proof than the substantive crime, there is a substantial risk that the jury could convict based on a non-unanimous verdict. In the alternative, they request that the government be required now to elect the theory on which it intends to proceed, namely either the substantive crimes or the attempt offenses.

The government opposes the motion, asserting that the charging of these counts is not fatally duplicitous and does not require dismissal of the counts. The government points out that when a statute sets out several ways in which a crime can be committed, it is permissible for an indictment to charge more than one of those means conjunctively, citing Turner v. United States, 396 U.S. 398, 420 (1970) and other appellate court cases. The government also asserts that a defendant can be convicted of attempting to commit the charged crime, regardless of whether attempt was charged, as long as an attempt is punishable under the charged statute. The government also points out that the defendants have cited no case law to support their position that the charging of a completed crime and an attempt to commit that crime requires dismissal of the count on duplicity grounds.

Even assuming there is duplicity, the government maintains that dismissal of the counts is not the appropriate remedy. Rather, it asserts that any duplicitous count can be cured by

an instruction to the jury requiring unanimity on one of the acts charged within the count that would otherwise constitute separate offenses.

In their reply brief, the defendants take issue with the government's assertion that there is no authority for the defendants' position that simultaneously charging a completed crime and an attempt to commit that crime is duplicitous. They assert that because the crime of attempt under the statute requires a significantly different proof that the substantive crimes, there is a heightened risk that the jury could convict based on a non-unanimous verdict. They point out that in cases charging attempt or conspiracy under § 1832(4), the government does not have to prove the existence of an actual trade secret, but merely that the defendants believed the information they were seeking were trade secrets. By charging attempt and the substantive crime in one court, the defendants maintain that there is a substantial likelihood of jury confusion with regard to the elements of trade secret status.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states "[i]t may be alleged in a single count that the means by which a defendant committed an offense are unknown or that he committed it by one or more unspecified means." Rule (7)(c) necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count. United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978). However, the rule does not sanction "duplicity." "'Duplicity' is the joining of two or more offenses in a single count." United States v. Buchmeier, 255 F.3d 415, 421 (7th Cir. 2001) (quoting United States v. Marshall, 75 F.3d 1097, 1111 [7th Cir. 1996]). The court of appeals for this circuit has explained that "'the prohibition of duplicitous counts is embodied in Rule 8(a) of the Federal Rules of Criminal Procedure, which provides for 'a separate count for each

offense.'" Buchmeier, 255 F.3d at 421 (quoting United States v. Berardi, 675 F.2d 894, 897 n.5 [7th Cir. 1982]).

The prohibition against duplicitous indictments derives from four concerns: 1) they may fail to give defendants adequate notice of the nature of charges against which they must prepare a defense; 2) they threaten to subject defendants to prejudicial evidentiary rulings at trial; 3) they may produce trial records inadequate to allow defendants to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense; and 4) they present the danger that a jury may not agree unanimously that a defendant committed at least one of the offenses charged in the indictment. See Marshall, 75 F.3d at 1111; United States v. Kimberlin, 781 F.2d 1247, 1250 (7th Cir. 1985). Inasmuch as Rule 7(c) anticipates that several offenses may be joined in a single count, the test for separate and distinct offenses is not to be applied with formalism, but only when an indictment affects the policy considerations that underlie the doctrine. United States v. Margiotta, 646 F.2d 729, 732-33 (2nd Cir. 1981).

In this case, the issue is whether one count can charge both the completed crime and the attempt to commit that crime. The defendants cite two cases, United States v. Ramirez-Martinez, 273 F.3d 903, 913 (9th Cir. 2001) and United States v, Adesida, 129 F.3d 846, 849 (6th Cir. 1997), which they assert support their position that simultaneously charging a completed crime and attempt of that crime is duplicitous. In Adesida, the Court of Appeals for the Sixth Circuit concluded that conspiracy to import a controlled substance and the attempt to import a controlled substance require different proof and, therefore, are two separate offenses. Thus, the court concluded that the single count charging both was duplicitous. The indictment did not, however, charge both the attempt of a crime and the actual completion of

the crime. Conspiracy to import a controlled substance is an entirely different charge then attempt to import a controlled substance. Accordingly, Adesida, does not support the defendants' position that one count can not charge both the completed crime and the attempt to commit that crime.

In Ramirez-Martinez, the Court of Appeals for the Ninth Circuit concluded that attempted transportation and transportation of an undocumented alien were separate and distinct offenses because attempting to transport requires specific intent and actual transportation requires only a showing of general intent. 273 F.3d at 914. Similarly, in this case, the defendants maintain that in cases involving charges of attempt under 18 U.S.C. § 1832(a)(4), the government does not have to prove the existence of an actual trade secret, but that the defendants believed that the information they were seeking were trade secrets, The defendants cite United States v. Hsu, 155 F.3d 189 (3rd Cir. 1998) to support their position.

In Hsu, the court held that legal impossibility was not a legal defense to a charge of attempted misappropriation of trade secrets in violation of 18 U.S.C. § 1832(a)(4).[1] 155 F.3d at 202. Thus, to prove attempt under § 1832(a)(4), the government had to establish that the defendant (1) had the intent to commit a crime defined by the Economic Espionage Act of 1996, and (2) performed an act amounting to a "substantial step" toward the commission of that crime. Id. The court concluded that "the government need not prove that an actual trade secret was used during an EEA investigation because a defendant's culpability for a charge

---

[1]The court also pointed out that it was "the only circuit which continues to recognize a common law defense of legal impossibility." Hsu, 155 F.3d at 199-200.

of attempt depends only on 'the circumstances as he believes them to be,' not as they really are." Id. at 203.

The facts in Hsu are significantly different from the facts in this case. The indictment in Hsu alleged that the defendants sought to obtain the processes, methods, and formulas for manufacturing Taxol, an anti-cancer drug produced by Bristol-Myers and regarded by the company as a highly valuable trade secret. 155 F.3d at 191-92. For two years, the defendants communicated with an undercover agent of the Federal Bureau of Investigation (FBI), discussing the transfer of Taxol technology and negotiating a price for the acquisition of Bristol-Myer's trade secrets. Id. at 192. Just before the defendant's arrest, the FBI agent and a Bristol-Myers scientist met with the defendants and discussed in detail the manufacturing processes for Taxol. Id. The Bristol-Meyers scientist displayed copies of Bristol-Myers documents which, according to the indictment, "contained trade secrets and were 'clearly marked with Bristol-Meyers identification as well as the block stamped word 'CONFIDENTIAL'." Id. at 192-93. The defense requested in discovery a copy of the Bristol-Myers documents disclosed at the meeting. In response, the government filed a motion for a protective order to prevent the disclosure of the trade secrets contained within the documents.

In Hsu, there was no question that the processes, methods, and formulas for manufacturing Taxol were trade secrets and were regarded by the company as such. The defendants specifically sought out the trade secrets and, therefore, whether the documents they were shown contained actual trade secrets was inconsequential. The defendants knew the information they were seeking contained trade secrets and believed the documents they were shown contained trade secrets.

The court of appeals for this circuit has held that "'certain lesser included offenses, such as attempt . . . need not appear in the indictment,' 'absent proof that any departure from the strict terms of the indictment either surprised the defendant or prejudiced his or her defense . . ..'" United States v. Feinberg, 89 F.3d 333, 339 (7th Cir. 1996) (internal citations omitted). Thus, a defendant can be convicted if attempting the charge crime even if the attempt was not charged, as long as an attempt is punishable under the charged statute. As argued by the government, if a defendant can be found guilty of attempt even if attempt is not charged, it cannot be duplicitous to charge both in one count. Accordingly, the court concludes that Counts Two through Five are not duplicitous.

Even if the court were to conclude that Counts Two through Five were duplicitous, the risk inherent in duplicitous counts can be cured by a limiting instruction to the jury requiring unanimity on one or the other of the acts charged within a court that otherwise appear to be separate offenses. Buchmeier, 255 F.3d at 425 (citing United States v. Trammel, 133 F.3d 1343, 1354-55 [10th Cir. 1998]). Therefore, any concerns the defendants have with Counts Two through Five of the indictment can all be addressed by instructions to the jury.

**Multiplicity**

The defendants contend that the plain language and structure of 18 U.S.C. § 1832 indicate that Congress intended that there be just one penalty for violating any one or more of the subsections contained in the statute. They maintain that the legislative history of the statute also suggests the conclusion that Congress intended to provide alternative means of prosecution, but not multiple punishments. The defendants assert, therefore, that charging theft, duplication and possession of the same trade secret information in four counts of the indictment is multiplicitous.

The defendants also assert that charging them with a substantive act and attempt or conspiracy to commit that act, arising under the same statute, is multiplicitous. They maintain that, unlike certain other statutes, Congress did not create a separate provision for attempt or conspiracy to violate the Economic Espionage Act (EEA), but rather included them as subsections of the same statute. The defendants argue that this evinces Congress' intent not to allow defendants to be charged with substantive offenses under 18 U.S.C. § 1832(a)(1)-(3), as well as conspiracy to comment the offenses under 18 U.S.C. §1832(5) arising out of the same conduct. The defendants make a similar argument with respect to the "attempt" section of the statute. (18 U.S.C. § 1832[4]).

Finally, the defendants assert that the rule of lenity is applicable in this case. Accordingly, the defendants argue that they should be charged with but one violation of the statute, not five.

In opposing the motion, the government asserts that the five counts of the indictment are not multiplicitous "since each charges crimes which differ in facts to be proven, places and times." (Response of the United States to Defendants' Pretrial Motions at 20). The government also states that "each count could clearly stand on its own." Id. The government disputes the defendants assertion that Congress intended only one penalty for violations of multiple subsections of § 1832.

The government also addresses the defendant's argument that they cannot be simultaneously convicted of stealing trade secrets and later possessing the same trade secrets, acknowledging that this position has not been tested in a prosecution under § 1832. However, the government points out that the indictment charges theft of trade secret

information on March 2, 2004, in Brookfield, Wisconsin (Count Two)[2] and possession on April 13, 2004, in Menomonee Falls and Kewaskum, Wisconsin. (Counts Four and Five). Nonetheless, the government acknowledges that in the context of other statutes, there is authority for the proposition that a defendant cannot be convicted of stealing an item and also possessing it after it was stolen.

Regardless, the government asserts that this does not require dismissal of the counts, but rather is an issue that can be resolved at trial. Specifically, the government states that if there is sufficient evidence to allow both the theft and possession charges to go to the jury, the trial court "should instruct the jury that it can convict on only one of those offenses and that it should rule on the theft count first, moving on to the possession count only if the theft verdict is not guilty." Id. at 22.

Finally, the government asserts that when counts are found to be multiplicitous, the court of appeals for this circuit has held that the appropriate remedy is to dismiss all but one of the multiplicitous counts after conviction and sentence on the remaining count. Therefore, the government states that the defendants motion to dismiss should be denied.

In its reply brief, the defendants assert that the government "does not disagree that the legislative history of the EEA contemplated one penalty." (Defendants' Reply Memorandum in Support of Motions to Dismiss Duplicitous and Multiplicitous Indictment [Defendants' Reply Brief] at 3-4). They also point out that the government concedes that there is analogous federal authority supporting their multiplicity argument. The defendants maintain that a substantial concern of a compromise verdict remains because the jury may believe that the

[2]The government erroneously cites to Count One in its brief.

defendants' conduct is more serious due to the multiple charges. Therefore, the defendants state that the court should resolve the multiplicity issue now rather than through jury instructions.

An indictment is multiplicitous when it charges the same defendant with the same offense in several different counts. United States v. Song, 934 F.2d 105, 108 (7th Cir. 1991); United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986). As such, the indictment exposes a defendant to the threat of receiving multiple punishments for the same offense. United States v. Griffin, 765 F.2d 677, 682 (7th Cir. 1985). The essential issue to be determined is the appropriate unit of prosecution under the statute in question. United States v. Podell, 869 F.2d 328, 331 (7th Cir. 1989). This determination is made by means of statutory construction. First, the plain language of the statute is reviewed to determine if it unambiguously reflects legislative intention. If it does, the inquiry ends. Id. If the language is not unambiguous, then the next step is to examine the relevant legislative history. Id. If other means of statutory construction have proven to be inconclusive, then the test to be employed is whether each count "requires proof of a fact which the other does not." Podell, 869 F.2d at 332 n.5; see also, Marquardt, 786 F.2d at 778 (citing United States v. Kennedy, 726 F.2d 546, 547-48 [9th Cir. 1984]). If an element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity. Marquardt, 786 F.2d at 778 (citations omitted).

In this case, the plain language of 18 U.S.C. § 1832 does not, contrary to the defendants' assertion, suggest that Congress intended that there be just one penalty for violating any one or more of the subsections contained therein. Rather, the plain language suggests that more than one penalty can be imposed. Moreover, nothing in the legislative

history cited by the defendants supports their argument that Congress intended only one penalty for violations of various subsections of § 1832.

The defendants also assert that they cannot be charged with both the theft and copying of the same property on the same date and at the same location and that they cannot be charged with both the theft and possession of the same property. Count Two charges that the defendants stole trade secret information including computerized AUTO-CAD drawings of projects installed by DTW. Count Three charges that the defendants copied, duplicated, downloaded, and destroyed trade secret information, namely computerized AUTO-CAD drawings of projects installed by DTW, which the defendants also deleted from DTW's computer system. It appears as though the defendants were charged with stealing and copying the same trade secret information. However, because there are multiple computerized AUTO-CAD drawings some of them could have been stolen while others could have been copied and destroyed. Accordingly, at this juncture, it is not clear whether the defendants are charged with both the theft and copying of the same property.

With regard to the defendants argument that they cannot be charged with both the theft and the possession of the same property, the government admits that in the context of other statutes, there is authority which supports the defendants' argument. The government also points out, however, that the indictment charges theft on March 2, 2004, in Brookfield and possession on April 13, 2004, in Menomonee Falls and Kewaskum. Nevertheless, assuming that the defendants cannot be convicted of both theft and possession and there is sufficient evidence to allow both charges to go to the jury, an instruction to the jury is the appropriate approach to be taken. See United States v. Gaddis, 424 U.S. 544 (1976).

With respect to charging both the substantive crime and conspiracy to commit that crime, the Supreme Court has held a substantive crime and a conspiracy to commit that crime are not the "same offence" for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389 (1992). In so holding, the Court emphasized that "the 'essence' of a conspiracy offense is 'in the agreement or confederation to commit a crime'." Id. at 389-90 (quoting United States v. Bayer, 331 U.S. 532, 542 [1947]). "The same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses for the agreement to do the act is distinct from the act itself." Id. (quoting Bayer, 331 U.S. at 542; see also, Pinkerton v. United States, 328 U.S. 640, 643 [1946]). Moreover, the mere incorporation by reference of a substantive count into a conspiracy count is not multiplicity. See United States v. Aleman, 609 F.2d 298, 307 (7th Cir. 1979); United States v. Bartemio, 547 F.2d 341, 345 (7th Cir. 1974).

In sum, for the reasons stated herein, the court will recommend that the United States District Judge enter an order denying the defendants' motions to dismiss duplicitous and multiplicitous indictment.

**CONCLUSION**

**NOW, THEREFORE, IT IS RECOMMENDED** that the United States district judge enter an order **denying** defendant Summit Refrigeration Group Inc.'s motion to dismiss duplicitous and multiplicitous indictment. (Docket #40).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Michael P. Conti's motion to dismiss duplicitous and multiplicitous indictment. (Docket #41).



Case 2:05-cr-00151-RTR Filed 10/04/06 Page 13 of 14 Document 88

**IT IS ALSO RECOMMENDED** that the United States district judge enter an order **denying** defendant Frederick P. Anderson's motion to dismiss duplicitous and multiplicitous indictment. (Docket #42).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Richard Degroot's motion to dismiss duplicitous and multiplicitous indictment. (Docket #43).

Dated at Milwaukee, Wisconsin, this 4th day of October, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge